FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2026 NOV -4 AM 10: 57
MARGARET BOTKINS, CLERK
CHEYENNE

JESSE NAIMAN (WY Bar # 7-5516)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
jesse.naiman@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** 26-CV-338 |
| | ) | |
| **$43,110.35 U.S. CURRENCY** | ) | |
| | ) | |
| **Defendant Property.** | ) | |

---

**UNITED STATES OF AMERICA'S VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

---

Plaintiff United States of America, by and through the United States Attorney for the District of Wyoming, and Assistant United States Attorney Jesse Naiman, brings this verified complaint for forfeiture in a civil action *in rem*, in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, against: $43,110.35 U.S. Currency in account number XXXXXX6079 at the Navy Federal Credit Union, 820 Follin Lane SE, Vienna, VA 22180-4907 ("Defendant Property"). In support of this complaint, the United States alleges as follows:

## I. NATURE OF ACTION AND THE DEFENDANTS IN REM

1. The plaintiff is the United States of America.

2. Defendant Property includes $43,110.35 U.S. Currency in account number XXXXXX6079 at the Navy Federal Credit Union, 820 Follin Lane SE, Vienna, VA 22180-4907.

## II. Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345, which provides the Court with jurisdiction over all civil actions commenced by the United States, and 28 U.S.C. § 1355(b), which provides the Court with jurisdiction over actions to recover or enforce forfeitures.

4. This Court has *in rem* jurisdiction over the Defendant Property and venue pursuant to 18 U.S.C. § 981(b)(3) because the acts or omissions giving rise to the forfeiture took place in the District of Wyoming.

5. All property subject to forfeiture under this complaint has been identified in account number XXXXXX6079 at the Navy Federal Credit Union, 820 Follin Lane SE, Vienna, VA 22180-4907. As of the date of this action, $43,110.35 in U.S. Currency remains in account number XXXXXX6079 at the Navy Federal Credit Union in 820 Follin Lane SE, Vienna, VA 22180-4907, and has not been seized by federal law enforcement. As set forth in Supplemental Rule G(3)(b)(ii), the Clerk of Court must issue a warrant to arrest the Defendant Property if they are not in the government's possession, custody, or control and is not subject to a judicial restraining order.

## III. Basis for Forfeiture

6. Plaintiff alleges the Defendant Property is (1) proceeds obtained by executing a scheme by false and fraudulent pretenses and representations, resulting in Bank Fraud in violation of the 18 U.S.C. § 1344. Therefore, the Defendant Property is subject to forfeiture pursuant to 18 USC § 981(a)(1)(C).

## IV. Facts Giving Rise to Forfeiture

7. On June 15, 2023, Officer D. Sikorski of the Fort Wayne Police Department (hereinafter "FWPD") was dispatched to Habitat for Humanity of Greater Fort Wayne, 2020 E. Washington Blvd., Ste. 500, Fort Wayne, Indiana 46803, regarding a check being reported as

stolen. Officer Sikorski arrived and spoke to Joshua Seder (hereinafter "SEDER"), Chief Financial Officer of Habitat for Humanity of Greater Fort Wayne.

8. The stolen check contained check number 1093300, was dated May 22, 2023, made out in the amount of $540,000.00, made payable to Habitat for Humanity of Great Fort Wayne, Inc., 2020 E. Washington Blvd., Ste. 500, Fort Wayne, IN 46803, and from the City of Fort Wayne, Citizen Square, 200 E. Berry Street, Ste. 470, Fort Wayne, Indiana 46802 (hereinafter "The Subject Check").

9. The Subject Check was mailed from the City of Fort Wayne to Habitat for Humanity of Greater Fort Wayne (hereinafter "HHFW"). SEDER reported that The Subject Check had been stolen and cashed at an unknown location on June 8, 2023. SEDER did not become aware that The Subject Check had been stolen until June 14, 2023, when he received a letter from Wells Fargo Bank, N.A. (dated June 9, 2023). The letter stated that Wells Fargo Bank, N.A. (hereinafter "Wells Fargo") was delaying the availability of the $540,000.00 in funds deposited from The Subject Check and that the funds would be made available on June 12, 2023. SEDER advised Officer Sikorski that he was aware that HHFW's mail receptacle had been broken into earlier in the month. SEDER was unsure if the theft of The Subject Check was related to the prior break-in of the mail receptacle. A review of a FWPD police report revealed that the HHFW mail receptacle had been broken into late in the evening on Saturday, May 27, 2023.

10. SEDER also provided Officer Sikorski with a photocopy of The Subject Check, which I have reviewed.

11. On June 21, 2023, I received information from Wells Fargo, which revealed that The Subject Check had been deposited at a Wells Fargo bank branch location. On June 22, 2023, I received an electronic mail (e-mail) message from Garry E. Morr (hereinafter "MORR"), City

Controller for the City of Fort Wayne. MORR reported to me that the $540,000.00 associated with The Subject Check were federal monies provided by the Department of Housing and Urban Development.

12. On June 26, 2023, I spoke with SEDER via telephone about the Wells Fargo letter (dated June 9, 2023) that he received on June 14, 2023, which references delaying the availability of The Subject Check funds. The letter's subject line reads: "Re: Account Number: XXXXXXXXXXXXX1709". SEDER disclosed that HHFW did not open nor does it operate the account referenced in the Wells Fargo letter.

13. On July 20, 2023, SEDER provided me with a copy of a Wells Fargo bank statement that was addressed and mailed to HHFW. The bank statement was dated June 20, 2023, and was for a Navigate Business Checking statement for account number XXXXXX1709. A review of the Navigate Business Checking statement for account number XXXXXX1709 revealed the following:

(a) The bank statement provided that "Wyoming account terms and conditions apply". In training and experience, I know such a statement is an indication that the account was opened in the state of Wyoming;

(b) On June 8, 2023, the beginning balance on the account was $0.00;

(c) On June 8, 2023, a $200.00 deposit into the account was made at a Wells Fargo bank branch location;

(d) On June 8, 2023, a $540,000.00 deposit into the account was made at a Wells Fargo bank branch location (i.e., the deposit of The Subject Check);

(e) On June 9, 2023, an online transfer of $538,000.00 was withdrawn from the account and transferred to a Wells Fargo Everyday checking account with account number XXXXXX7424 and associated with the name L. Thompson; and

(f) On June 30, 2023, the ending balance on the account was $1,541.52.

14. On August 7, 2023, MORR contacted me and informed me that Wells Fargo had credited the City of Fort Wayne's bank account an amount of $540,000.00. MORR indicated that another check would be produced by the City of Fort Wayne in the amount of $540,000.00 for HHFW.

15. On August 7, 2023, I received business records from Wells Fargo related to the Navigate Business Checking Account number XXXXXX1709 (hereinafter "The Subject Account") which received the deposit of The Subject Check. Records for The Subject Account revealed the following:

(a) The Subject Account was opened on June 8, 2023, in Casper, Wyoming;

(b) The sole owner of The Subject Account was Le'Andray Thompson;

(c) At the time The Subject Account was opened, Colorado Articles of Incorporation were provided, and the Articles of Incorporation included a document filing number of 20231615834 with a filing date of June 8, 2023;

(d) On June 8, 2023, The Subject Check was deposited into The Subject Account; and

(e) Wells Fargo issued a bank statement for The Subject Account which was dated June 30, 2023.

16. On August 8, 2023, the following information was discovered about Le'Andray Thompson (hereinafter "Thompson"), the individual listed as The Subject Account's sole owner:

(a) Thompson's full name is Le'Andray Steven Thompson;

(b) Thompson's full name is listed on his state issued driver's license; and

(c) Thompson's driver's license is an Arizona driver's license with license number D06-80-XXXX.

17. Surveillance footage dated June 8, 2023, was obtained from a Wells Fargo bank branch location in Casper, Wyoming. The footage shows Thompson as the individual associated with opening The Subject Account. The surveillance footage also shows Thompson as the individual associated with depositing The Subject Check into The Subject Account. Law enforcement provided still images of the surveillance footage to Diana Martinez, a probation officer with the Maricopa County, Arizona Probation Department. Officer Martinez knows Thompson because she oversees his probationary supervision in an unrelated criminal case. Officer Martinez reviewed the still images of the surveillance footage and confirmed Thompson's identity.

18. Additional business records from Wells Fargo revealed that Thompson was not only the sole owner of The Subject Account, but that he was also the sole owner of a personal checking account. Wells Fargo records revealed that Thompson owned a Wells Fargo Everyday checking account with account number XXXXXX7424 that was held in Thompson's name (hereinafter "Thompson's Account"). The transaction and wire transfer data from Thompson's Account revealed the following:

(a) Thompson's Account was opened on May 24, 2023, under Wells Fargo Everyday Checking Account Number XXXXXX7424;

(b) The sole owner of Thompson's Account is listed as "LEANDRAY THOMPSON";

(c) The "Primary ID Type" associated with Thompson's Account is a driver's license, and the "Primary ID Description" is "D-06-XXXXXX", which is Thompson's Arizona driver's license number;

(d) On June 7, 2023, Thompson's Account had an ending daily balance of $95.00;

(e) A transaction dated June 9, 2023, on Thompson's Account was labeled with a description of "Online Transfer from Habitat for Humanity of Greater Business Checking xxxxxx1709 Ref #lb0Js48Rkv on 06/09/23" and had an associated deposit of $538,000.00 (i.e., an online transfer of $538,000.00 of proceeds from The Subject Check);

(f) A cashier's check was purchased from Thompson's Account on June 9, 2023, and the transaction was labeled with a description of "Purchase Bank Check OR Draft" and had an associated withdrawal in the amount of $135,412.66 (hereinafter "Clarke Check"); and

(g) The Clarke Check was deposited on or about June 12, 2023, into a BOK Access Checking Financial Account with account number XXXXXX3374 held in the name of "Julienne F. Clarke-Hardy" (hereinafter "Clarke's Account").

19. The Clarke Check was purchased using the $538,000.00 from The Subject Check that was transferred into Thompson's Account. Records from BOK Financial revealed the following transaction and wire transfer data associated with Clarke's Account:

(a) Clarke's Account contained account number XXXXXX3374 and was opened in the name of "Julienne F. Clarke-Hardy" on June 12, 2023;

(b) A social security card in the name of "Julienne Faye Clarke Hardy" and a Nevada identification card in the name of "Julienne Faye Clarke-Hardy" were presented at the time Clarke's Account was opened;

(c) The Clarke Check, which was purchased from Thompson's Account with funds from The Subject Check, was presented and deposited into Clarke's Account at the time of opening; and

(d) At approximately 1:15 p.m. on June 16, 2023, $45,000.00 were wired from Clarke's Account to a Navy Federal Credit Union Account with account number XXXXXX 6079 for beneficiary "Keshay Guidry";

20. The $45,000.00 wire to Keshay Guidry's Navy Federal Credit Union Account came from the Clarke Check, which are funds from The Subject Check.

21. On October 25, 2023, I received business records from Navy Federal Credit Union. The records revealed that a Navy Federal Credit Union Everyday Checking Account with account number XXXXXX6079 and held in the name of Keshay Guidry ("Guidry's Account") received a $45,000.00 bank wire deposit on June 16, 2023, from "Debit Party" Account number XXXXXX3374 with "Debit Party" Name Julienne F. Clarke-Hardy (i.e., the $45,000.00 wire from Clarke's Account).

22. On June 16, 2023, prior to receipt of the $45,000.00 wire deposit from Clarke's Account, Guidry's Account balance was $1,474.12. Upon receiving the $45,000.00 wire deposit on June 16, 2023, Guidry's Account balance increased from $1,474.12 to $46,474.12. Guidry's Account statements from July 2023 to October 2023 show a transactional pattern of withdrawals/debits exceeding the number of deposits/credits, which occurred after receipt of the $45,000.00 deposit from Clarke's Account. The ending balance on Guidry's Account as of October 11, 2023, was $43,111.62.

23. On February 24, 2026, I received information from Navy Federal Credit Union which disclosed that Guidry's Account with account number XXXXXX6079 has a balance of

$43,110.35. Because of the transactional pattern displayed on Guidry's Account with account number XXXXXX6079 and the aforementioned facts as discussed above, there is probable cause to believe that the $43,110.35 in Guidry's Account contains illicit proceeds from the deposit of The Subject Check into The Subject Account.

24. On October 14, 2026, I received information from Navy Federal Credit Union which disclosed that Guidry's Account with account number XXXXXX6079 has a balance of $43,110.35. Navy Federal Credit Union officials advised this account remains on hold, pending legal authority for any transactions to occur.

25. On June 24, 2026, Le'Andray Steven Thompson was charged in an Information in the District of Wyoming. Defendant Thompson was charged with a sole Count, Bank Fraud in violation of 18 U.S.C. § 1344.

26. On June 24, 2026, Defendant Thompson agreed to plead guilty to the Information charging him with Bank Fraud in violation of 18 U.S.C. § 1344. Defendant Thompson admitted that on June 8, 2023, he opened a business account number ending 1709 in the name of a fictitious company called "Habitat for Humanity for Greater Fort Wayne Inc." at a Wells Fargo Bank in Casper, Wyoming. Defendant Thompson provided fictitious corporate documents to the bank and claimed to be the sole owner of the fictitious business. Defendant Thompson then endorsed a stolen, certified check dated May 22, 2023, in the amount of $540,000.00 issued by the City Comptroller of Fort Wayne, Indiana and made payable to the real Habitat for Humanity of Great Fort Wayne Inc. in Indiana. Defendant Thompson also admitted that he or another co-conspirator spent $160,248.54, before Wells Fargo discovered fraud and stopped further payouts from the fictitious business bank account number ending 1709.

27. On July 14, 2026, Defendant Thompson pleaded guilty to the sole count, Bank Fraud in violation of 18 U.S.C. § 1344, as charged in the Information.

28. On October 7, 2026, Defendant Thompson was sentenced by Chief United States District Judge Kelly H. Rankin to 26 months 16 days' custody. Defendant Thompson was also ordered to make restitution in the amount of $160,248.54.

29. On October 8, 2026, Defendant Thompson's Judgement in a Criminal Case was entered by Chief United States District Judge Kelly H. Rankin. Restitution for $160,248.54 was entered by the court.

## COUNT ONE – FORFEITURE

18U.S.C. § 981(a)(1)(G))

(a) The United States incorporates by reference the allegations set forth in Paragraphs 1 to 29 above as if fully set forth herein.

(b) As required by Supplemental Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, there exists probable cause to believe that the Defendant Property constitutes: (1) proceeds obtained by executing a scheme by false and fraudulent pretenses and representations, resulting in Bank Fraud in violation of the 18 U.S.C. § 1344. Therefore, the Defendant Property is subject to forfeiture pursuant to 18 USC § 981(a)(1)(C).

## PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that notice issue on the Defendant Property as described above; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the Defendant Property be forfeited to the United States for disposition according to law; and that the United

States be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

DATED this 4th day of November 2026.

DARIN D. SMITH
United States Attorney

By: ______________________________
JESSE NAIMAN
Assistant United States Attorney

## VERIFICATION

I, Andrew L. Gottfried, an Inspector for the United States Postal Inspector Service, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *In Rem*, and that the Complaint is based upon reports and information known to me and/or furnished to me by other law enforcement representatives and that everything represented herein is true and correct to the best of my knowledge and belief.

Executed on this 4th day of November 2026.

*Andrew L. Gottfried*
Inspector Andrew L. Gottfried
United States Postal Inspection Service